# N. Y. COMMON PLEAS.

## HAMILTON E. FOWLE agt. HIRAM C. COVERT.

### *Jurisdiction of this court.*

This court has no jurisdiction of an action brought therein for the recovery of money only, where the defendant is not a resident of the city of New York, nor served with process therein.

Proceedings upon attachment of defendant's property, order for publication and service by mail, and judgment thereon, set aside as irregular.

*General Term, January,* 1874.

*Before* DALY, *Ch. J.,* ROBINSON *and* J. F. DALY, *JJ.*

J. F. DALY, *J.* — This is an appeal from an order made at special term. The action was upon contract for the recovery of money only. Prior to the act chapter 239, Laws of 1873, this court would have jurisdiction of the action if the defendant resided in the city of New York or was served with the summons therein (*Code, section* 33). The action having been brought after the passage of the act aforesaid, the plaintiff, on proof that the defendant was not a resident of this state and could not be found therein, but had property therein liable to attachment, obtained an order for the publication of the summons and service by mail thereof and a warrant of attachment against defendant's property. On failure of defendant to answer, and on proof of service by publication of summons and of levy under the attachment issued, judgment was entered against defendant. The judgment was irregular, this court not having acquired jurisdiction (*Sanders* agt. *Staten*

Fowle agt. Covert.

*Island Railroad Company*, *Abb.* [*U. S.*], 346). The order of publication, the judgment and all proceedings thereunder, the levy under the attachment must be set aside. The warrant of attachment will be set aside because it may be issued before the summons is served (*Woodward* agt. *Stearns*, 10 *Abb.* [*U. S.*], 395), but defendant may move to vacate it on further papers as he shall be advised.